IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Christine Shippy Gaffney, ) | C/A No. 7:15-1380-GRA-JDA |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | **REPORT AND RECOMMENDATION** |
| Aaron's Sales and Lease, ) | |
| Ownership for Less!, ) | |
| ) | |
| Defendant. ) | |

Christine Shippy Gaffney ("Plaintiff"), proceeding pro se, brings this civil action seeking damages and/or reformation of a contract. Plaintiff is a non-prisoner, and she files this action *in forma pauperis* under 28 U.S.C. § 1915. The Complaint is subject to summary dismissal.

## **BACKGROUND**

Plaintiff alleges the following facts. After obtaining a twin bed set from Kimbrell's furniture store, she either purchased or rented twin mattresses from Aaron's Sales and Lease in Gaffney, South Carolina. [Doc. 1 at 3.] She did not get bed frames, but she discovered that Defendant is charging her for them. [*Id.*] She makes monthly payments for the mattresses, and each month she is also paying for bed frames. [Doc. 12 at 2.] It appears that the total cost to Plaintiff is $254.79 for mattresses, $84.93 for foundations, and $67.94 for bed frames, to be paid monthly from May 15, 2014, until April 15, 2016 ($16.98, $5.66, and $4.71 monthly). [*Id.*] Plaintiff has spoken with Marty in the Gaffney store and Patricia in the Defendant's corporate office in Atlanta, Georgia, to request a refund for the charges related to bed frames and to discontinue charging for them. [Doc. 1 at 3.]

Defendant has refused because apparently the contract provides that it can charge money for the bed frames. [*Id.*]

Plaintiff requests that this Court examine the contract and declare that she is being charged for something she did not obtain and to order Defendant to refund her money related to bed frames or to apply it toward her future monthly bills. [*Id.* at 5.]

This Court directed Plaintiff to respond to special interrogatories. [*See* Doc. 12 at 1–3.] The Court asked whether Plaintiff intends to sue Aaron's Sales and Lease in Gaffney, South Carolina and Aaron's Sales and Lease in Atlanta, Georgia as two different defendants or one defendant (with service of process at two addresses). [*Id.*] She responded that she does intend to sue two different defendants. [*Id.*] Additionally, this Court asked questions in order to determine whether it has subject matter jurisdiction over this action. [*Id.*] From Plaintiff's responses to the interrogatories, it appears Plaintiff's Complaint asserts state law claims possibly for breach of contract, unjust enrichment, and/or a violation of good fair and fair dealing in contracts; there is no allegation of a violation of a federal statute or the United States Constitution. [*Id.*] Plaintiff desires to bring this action in federal court, as opposed to a state court, because this Court disposes of cases quicker and listens better. [*Id.*]

## **STANDARD OF REVIEW**

Pursuant to the provisions of 28 U.S.C. §636(b)(1)(B), and Local Civil Rule 73.02(B)(2)(e) DSC, the undersigned is authorized to review the Complaint for relief and submit findings and recommendations to the District Court. Plaintiff filed this action pursuant to 28 U.S.C. § 1915, the *in forma pauperis* statute. This statute authorizes the District Court to dismiss a case if it is satisfied that the action "fails to state a claim on which

relief may be granted," is "frivolous or malicious," or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). As a pro se litigant, Plaintiff's pleadings are accorded liberal construction and held to a less stringent standard than formal pleadings drafted by attorneys. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (*per curiam*). However, even under this less stringent standard, the pro se pleading remains subject to summary dismissal. The mandated liberal construction afforded to pro se pleadings means that if the court can reasonably read the pleadings to state a valid claim on which Plaintiff could prevail, it should do so, but a district court may not rewrite a petition to include claims that were never presented, *Barnett v. Hargett*, 174 F.3d 1128, 1133 (10th Cir. 1999), or construct Plaintiff's legal arguments for him, *Small v. Endicott*, 998 F.2d 411, 417-18 (7th Cir. 1993), or "conjure up questions never squarely presented" to the court, *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985). The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim cognizable in a federal district court. *See Weller v. Dep't of Soc. Servs.*, 901 F.2d 387 (4th Cir. 1990).

## DISCUSSION

Federal courts are courts of limited jurisdiction, "constrained to exercise only the authority conferred by Article III of the Constitution and affirmatively granted by federal statute." *In re Bulldog Trucking, Inc.*, 147 F.3d 347, 352 (4th Cir. 1998); *see also Nat'l Fed. of Indep. Bus. v. Sebelius*, 132 S. Ct. 2566, 2576 (2012) (explaining that the federal government possesses only limited powers). Because federal courts have limited subject matter jurisdiction, there is no presumption that the Court has jurisdiction. *Pinkley, Inc. v. City of Frederick*, 191 F.3d 394, 399 (4th Cir. 1999). Accordingly, a federal court is

required *sua sponte* to determine if a valid basis for its jurisdiction exists, "and to dismiss the action if no such ground appears." *Bulldog Trucking*, 147 F.3d at 352; *see also* Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."). "[T]he facts providing the court jurisdiction must be affirmatively alleged in the complaint." *Pinkley, Inc.*, 191 F.3d at 399. To this end, Federal Rule of Civil Procedure 8(a)(1) requires that the complaint provide "a short and plain statement of the grounds for the court's jurisdiction[.]" If, however, the Complaint does not contain "an affirmative pleading of a jurisdictional basis[,] a federal court may find that it has jurisdiction if the facts supporting jurisdiction have been clearly pleaded." *Id.* Although the absence of subject matter jurisdiction may be raised at any time during the case, determining jurisdiction at the outset of the litigation is the most efficient procedure. *Lovern v. Edwards*, 190 F.3d 648, 654 (4th Cir. 1999). If the Court, viewing the allegations in the light most favorable to Plaintiff, finds insufficient allegations in the pleadings, the Court will lack subject matter jurisdiction. *Id.*

As explained above, it appears Plaintiff's Complaint asserts state law claims possibly for breach of contract, unjust enrichment, and/or a violation of good fair and fair dealing in contracts. A plaintiff may file a state law claim in a federal court under the diversity statute, 28 U.S.C. § 1332, if that statute's requirements are satisfied. *See Cent. W. Va. Energy Co. v. Mountain State Carbon, LLC*, 636 F.3d 101, 103 (4th Cir. 2011). With the exception of certain class actions, the diversity statute requires complete diversity of parties and an amount in controversy in excess of seventy-five thousand dollars ($75,000.00). *See id.*; 28 U.S.C. § 1332(a). Complete diversity of parties in a case means that the citizenship of every plaintiff must be different from the citizenship of every defendant. *Central West*

4

*Virginia Energy Co.*, 636 F.3d at 103.  Here, it appears that Plaintiff is domiciled in South Carolina.  Also, Plaintiff indicates that she intends to sue Aaron's Sales and Lease in South Carolina as well as Georgia.  Thus, there may be one defendant that is an entity domiciled in South Carolina, so complete diversity is lacking.[1]  Moreover, Plaintiff does not allege a sufficient amount in controversy because Plaintiff apparently alleges she has been overcharged $67.94 for the bed frames.  Accordingly, this Court has no diversity jurisdiction over this action.

Of course, if a plaintiff's complaint raises a federal question, then this Court may have subject matter jurisdiction over the action pursuant to 28 U.S.C. § 1331.  A federal question relates to an action "'... arising under the Constitution, laws, or treaties of the United States.'"  *See In re Blackwater Sec. Consulting, LLC*, 460 F.3d 576, 584 (4th Cir. 2006) (citation omitted).  As noted above, Plaintiff does not allege a violation of the United States Constitution or any federal law.  Therefore, there is no federal question jurisdiction over this action.

---

[1]For purposes of determining diversity jurisdiction, the statute provides that "a corporation shall be deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business. . . ."  28 U.S.C. § 1332(c)(1).  Although Plaintiff alleges the headquarters or corporate office is in Atlanta, Georgia, she does not allege where Aaron Sales and Lease is incorporated or whether its principal place of business is in South Carolina.  If Defendant is in fact a corporation that is not domiciled in South Carolina, this Court still lacks diversity jurisdiction because the amount in controversy is not satisfied.

## **RECOMMENDATION**

Accordingly, it is recommended that the District Court dismiss this action without prejudice and without issuance and service of process.  *See Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972).  **Plaintiff's attention is directed to the important notice on the next page.**


April 29, 2015                                      s/Jacquelyn D. Austin
Greenville, South Carolina              United States Magistrate Judge

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Robin L. Blume, Clerk
United States District Court
300 East Washington Street, Room 239
Greenville, South Carolina 29601

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).